## Craft *versus* Fleming.

### *Effect of qualified endorsement.*

Where a promissory note was endorsed by " J. F. without recourse to me J. F.," the endorsement was qualified, and created no liability in case of non-payment by the maker.

ERROR to the District Court of *Allegheny county.*

This was an action of *assumpsit*, by James S. Craft against Joseph Fleming, to recover the amount of a promissory note, drawn by William O. Leslie, and endorsed by the defendant, of which the following is a copy, viz. :—

" $300.                    " Pittsburgh, October 18th 1861.

" Four months after date, I promise to pay to the order of Joseph Fleming, $300, at Farmers' and Mechanics' Bank, Philadelphia, without defalcation, value received.

        (Signed)                    " W. O. LESLIE."

Endorsed : " JOSEPH FLEMING, without recourse ·
    to me,   JOSEPH FLEMING."

The note thus drawn and endorsed, was purchased by the plaintiff early in the month of December 1861, of Isaac G. Sproul, who testified that he was not negotiating it for the defendant, J. Fleming, but that he was negotiating it for Austin Loomis, then doing business as a broker in the city of Pittsburgh. It was presented for payment in the Farmers' and Mechanics' Bank of Philadelphia, at maturity, February 21st 1862, and duly protested for non-payment, of which the defendant was notified by mail.

The note in question was given to the defendant by Leslie, to take up a protested note drawn by J. F. McKenzie, which he had previously endorsed, and of which the following is a copy :—

" $300.                    " Pittsburgh, July 11th 1861.

" Ninety days after date, I promise to pay to the order of W. O. Leslie, Esq., $300, payable at M. and M. Bank, Pittsburgh, without defalcation, value received.

        (Signed)                    " J. F. McKENZIE."

Endorsed : " W. O. LESLIE."

The defendant received this last-mentioned note from J. F. McKenzie, as collateral security for the payment of his note for $100, and at the same time gave him this receipt :—

" Received, July 11th 1861, of J. F. McKenzie, a note of his for $300, dated July 1861, endorsed by W. O. Leslie, as collateral security for the payment of his note for $100, at thirty days,

[Craft *v.* Fleming.]

which said first described note I agree to surrender upon payment of said $100 by said McKenzie.

(Signed) "JOSEPH FLEMING."

The following is a copy of the note referred to in the receipt:

"$100. "Pittsburgh, July 10th 1861.

"One month after date, I promise to pay to the order of Joseph Fleming, $100, at Iron City Bank, without defalcation, value received.

(Signed) "J. F. McKENZIE."

The note of which the above is a copy, was paid by McKenzie, but whether he paid it before or after the note in controversy was given and endorsed, did not appear. The evidence showed that it must have been paid by McKenzie as early as December 1861, for some time during that month he delivered it to Leslie. When Leslie gave the defendant the note in controversy, he received from him the note for $300, which he had endorsed for the accommodation of McKenzie, and which the latter had hypothecated for the payment of his note for $100 as before mentioned.

The plaintiff's declaration contained four counts, viz. :—

1. Against defendant as endorser generally of the note to one Joseph Fleming, who endorsed it "without recourse" to the plaintiff.

2. Against the defendant as general endorser to plaintiff, and as endorsee of one Joseph Fleming, who had endorsed it to him "without recourse."

3. Against the defendant as endorser to plaintiff "without recourse," "for value received in money, to wit, $294." "And the said plaintiff further avers, that at the time of the making and endorsement aforesaid by said defendant of said promissory note, and from thence until and at the time appointed for the payment thereof, and ever since, the said William O. Leslie had not in his hands any of the effects of the defendant, and the consideration for which said note had been given to said defendant by said maker had entirely failed, and become satisfied by the payment thereof to said defendant, to wit, at the county aforesaid; and the said defendant, at the time aforesaid, and ever since, had no right to said note, or to the sum of money therein mentioned, nor did the said maker owe to him the same, or any part thereof. Nevertheless the said defendant, well knowing these premises, fraudulently and deceitfully endorsed said note as aforesaid, and obtained thereby and thereon from the plaintiff the value of said note in money, to wit, the sum of $294, as aforesaid, to wit, at the county aforesaid, and on the day of the date of said note as aforesaid." This count concluded with

[Craft *v.* Fleming.]

charging a liability by defendant upon the premises, and in consideration thereof, a promise to pay, &c.

4. The common counts for money paid, &c., and for money had and received, &c.

To all which defendant pleaded *non assumpsit*, and filed the following affidavit of defence:—

" Allegheny County, *ss.*

" Joseph Fleming, defendant in the above case, being duly sworn, saith that he has a just and legal defence to the whole of the plaintiff's demand in the above suit, in this that he, the defendant, *added to his endorsement* the words, ' without recourse to me,' thereby rendering himself a qualified endorser, and not liable in the event of its not being paid by the maker; and further deponent saith not.        Sworn, &c.
        (Signed)                              " JOSEPH FLEMING."

On the trial, the plaintiff gave in evidence the three notes, protests, and Fleming's receipt and agreement of July 11th 1861; and proved by Leslie that this $300 note of October 18th was given to lift and renew McKenzie's note for $300, dated July 10th 1861, which he had endorsed for McKenzie's accommodation.    He also testified to his ignorance of the $100 note, and Fleming's agreement of July 10th 1861, until some two months after he gave his note of October 18th.

The defendant proved by I. G. Sproul, how Mr. Craft got the note of October 18th, and what he paid for it.

It being admitted by the counsel on both sides, that there was no fact in dispute for the determination of the jury, and it being agreed that the evidence on both sides should be taken to be true, the court, with the consent of counsel on both sides, instructed the jury to find a verdict for the plaintiff, for the amount of the note sued on, with interest and cost of protest, subject to the opinion of the court in banc upon the question of law reserved, viz., whether the plaintiff, under the pleadings in the case and the facts established by the evidence, taking the same to be true, is entitled to recover, and if so, judgment to be entered in his favour for the amount found by the jury; but if the court should be of opinion that the law is with the defendant, judgment to be entered in his favour, *non obstante veredicto.*

Upon rendering judgment for the defendant, the court below (WILLIAMS, A. J.), delivered an opinion, in which, after a full statement of the facts of the case, he added:—

" The defendant incurred no responsibility by the blank endorsement of the note, for before his transfer he limited and restricted his liability by the qualified endorsement.    When, therefore, the plaintiff purchased the note, he took it upon the responsibility of the maker alone, with the express understand-

[Craft *v.* Fleming.]

ing that the defendant had incurred no liability by his endorsement. Whether the maker has a valid defence to the note or not as against the defendant, is wholly immaterial as it respects the rights of the plaintiff. In either case the plaintiff's condition is neither the better nor the worse. If the defendant could not recover the amount of the note from the maker, it is clear that the plaintiff can.

"The defendant endorsed and transferred the note either before or after the payment of the McKenzie note. If before, then he was guilty of no fraud, although he may be ultimately responsible to the maker in case the latter is compelled to pay the note. If after his endorsement and transfer of the note, it may have been fraudulent. But against whom was the fraud committed? Certainly not against the plaintiff, for he has got all he bargained for, viz., the right to demand and receive payment of the note from the maker. He did not receive the note from the defendant, nor pay him any consideration therefor—his rights as against the maker were not prejudiced by anything done or omitted by the defendant. Even the qualified endorsement, the only act done by the defendant affecting the rights of the plaintiff, was not sufficient to put him on inquiry as to the consideration of the note, and to open the door for a defence by the maker. If, then, the defendant defrauded any one by the endorsement and transfer of the note, it was the maker. Admitting, what the evidence by no means shows, that the defendant was guilty of a fraud on the maker by the endorsement and transfer of the note, he would doubtless be liable to the maker for the injury done him thereby. But what right has the plaintiff to complain of a fraud which can possibly do him no harm? The maker himself could not maintain an action against the defendant without first paying the note, and if he could, the plaintiff is not his representative, nor is he clothed with or entitled to be subrogated to his rights. If, then, the plaintiff has not been defrauded by the defendant; if his rights have not been impaired; if he has all he bargained for when he purchased the note, what possible ground has he upon which to stand in order to maintain an action? If the note had been forged, the case would be different, but as it is, the plaintiff is not entitled to recover.

"Let judgment be entered for the defendant on the reserved question, *non obstante veredicto.*"

The plaintiff thereupon sued out this writ, averring that the court below erred in rendering judgment for the defendant, *non obstante veredicto;* and in not rendering judgment for the plaintiff on the verdict.

*James Veech*, for plaintiff.

*C. Hasbrouck*, for defendant.

The opinion of the court was delivered, November 5th 1863, by THOMPSON, J.—The learned judge of the court below was of opinion that the endorsement by Fleming was qualified; that is to say, to be read, "*James Fleming, without recourse to me, James Fleming.*" The first name was a signature, the second was an effort (tautological) to make it very clear who it was that was not to be responsible. This was the opinion of the court below, and the learned judge's reasoning to his conclusion is so clear, that we affirm the judgment on his opinion upon the reserved point.

Judgment affirmed.